1  Roland Tellis (SBN 186269)
   rtellis@baronbudd.com
2  Mark Pifko (SBN 228412)
   mpifko@baronbudd.com
3  Natasha Mehta (SBN 272241)
4  nmehta@baronbudd.com
   BARON & BUDD, P.C.
5  15910 Ventura Boulevard, Suite 1600
   Encino, California  91436
6  Telephone:  (818) 839-2333
7  Facsimile:   (818) 986-9698
   *Additional Counsel Listed Below*
8
   Attorneys for Plaintiffs
9  KOBE FALCO and JOEL SEGUIN,
   individually, and on behalf of other
10 members of the public similarly situated

11                UNITED STATES DISTRICT COURT
12                CENTRAL DISTRICT OF CALIFORNIA

13 | KOBE FALCO, individually, and on behalf of a class of all other similarly situated individuals, | Case Number: 2:13-cv-00686-DDP-MAN
   CLASS ACTION
   Filed: Jan. 31, 2013 (removal)

                  Plaintiff,

           vs.

   NISSAN NORTH AMERICA, INC., NISSAN MOTOR COMPANY, LTD., and DOES 1-10, inclusive,

                  Defendants.

   **MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE RELATED CASES AND APPOINT INTERIM CLASS COUNSEL**

   Date:  Monday, June 6, 2013
   Time:  10:00 a.m.
   Location:  312 N. Spring St., Ctrm. 3
   Judge:  Hon. Dean D. Pregerson

   *This Motion also applies to*:
   JOEL SEGUIN, individually, and on behalf of other members of the general public similarly situated,

                  Plaintiff,

           vs.

   NISSAN NORTH AMERICA, INC., and NISSAN JIDOSHA KABUSHIKI KAISHA d/b/a NISSAN MOTOR CO., LTD.,

                  Defendants.

   Case Number:  2:13-cv-00761-DDP-MAN
   CLASS ACTION
   Filed: Feb. 4, 2013

   Date:  Monday, June 6, 2013
   Time:  10:00 a.m.
   Location:  312 N. Spring St., Ctrm. 3
   Judge:  Hon. Dean D. Pregerson

Case Nos.:  2:13-cv-00686-DDP-MAN
            2:13-cv-00761-DDP-MAN

PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. THE ACTIONS SHOULD BE CONSOLIDATED. ..................................................... 2

III. BARON & BUDD, P.C. AND STRATEGIC LEGAL PRACTICES, APC SHOULD BE APPOINTED AS CO-LEAD INTERIM CLASS COUNSEL .......... 3

    A. The Court May Designate Co-Lead Interim Class Counsel Now ................... 3

    B. Pursuant to Rule 23(g), the Court Should Designate Baron & Budd, P.C. and Strategic Legal Practices, APC as Co-Lead Interim Class Counsel. ......................................................................................... 4

        1. Baron & Budd, P.C. ....................................................................... 4

            a. Time Invested ..................................................................... 5

            b. Experience and Knowledge of Attorneys ................................. 5

                (i) Roland Tellis ..................................................... 5

                (ii) Mark Pifko ........................................................ 7

            c. Resources of the Firm ........................................................ 8

        2. Strategic Legal Practices ................................................................ 10

            a. Time Invested .................................................................. 10

            b. Experience and Knowledge of Attorneys ............................... 10

            c. Resources of the Firm ....................................................... 13

IV. CONCLUSION ............................................................................................. 14

## TABLE OF AUTHORITIES

**CASE** — **PAGE(S)**

*Buckland v. Threshold Enterprises, Ltd.*,
  155 Cal. App. 4th 798 (2007) ........................................................................ 7

*Huene v. U.S.*,
  743 F.2d 703 (9th Cir. 1984) ......................................................................... 2

*In re Air Cargo Shipping Services Antitrust Litigation*,
  240 F.R.D. 56 (E.D.N.Y. 2006) ..................................................................... 3

*Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. Of Cal.*,
  877 F.2d 777 (9th Cir. 1989) ......................................................................... 2

*Marilau v. McDonald's Corp.*,
  632 F. Supp. 2d 1008 (S.D. Cal. 2009) .......................................................... 7

*Parkinson v. Hyundai Motor America*,
  2006 U.S. Dist. LEXIS 59055 (C.D. Cal. Aug. 7, 2006) ............................... 3

*Wiener v. Dannon Co.*,
  255 F.R.D. 658 (C.D. Cal. 2009) ............................................................... 7, 8

**STATUTES**

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ............................................................. 2

Cal. Civ. Code § 1750 ........................................................................................... 2

Cal. Civ. Code § 1791.1 .................................................................................... 2, 3

Cal. Civ. Code § 1792 ....................................................................................... 2, 3

Fed. R. Civ. P. 23 .............................................................................................. 3, 4

Fed. R. Civ. P. 42 .................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs in the above-captioned actions hereby request that the Court consolidate these two related actions and appoint the law firms Baron & Budd, P.C. and Strategic Legal Practices, APC as co-lead interim counsel for the class under Rules 42 and 23(g)(3) of the Federal Rules of Civil Procedure. Under the circumstances presented by these cases, consolidation and appointment of interim class counsel are both necessary and appropriate to further the interests of efficiency, judicial economy, and to protect the interests of the putative class. Indeed, counsel for all Plaintiffs consent to the relief sought in this Motion.

On January 31, 2013, the class action complaint filed by Plaintiff Kobe Falco ("Falco") against Defendants Nissan North America, Inc. and Nissan Motor Co., Ltd., (collectively, "Nissan") was removed to this Court. (*See* Dkt. No. 1, *Falco v. Nissan North America, Inc., et al.*, Case No. 2:13-cv-00686-DDP-MAN (C.D. Cal., removed Jan. 31, 2013) (the "*Falco* Action").) Subsequently, on February 4, 2013, Plaintiff Joel Seguin ("Seguin") filed his class action complaint against Nissan in this Court. (*See* Dkt. No. 1, *Seguin v. Nissan North America, Inc., et al.*, Case No. 2:13-cv-00761-DDP-MAN (C.D. Cal., filed Feb. 4, 2013) (the "*Seguin* Action").) The *Seguin* Action was originally assigned to Judge Andrew J. Gilford, but it was later transferred to this Court, and on March 1, 2013, this Court determined that the *Seguin* Action was related to the *Falco* Action. (*Seguin* Action, Dkt. No. 8.) Both actions assert claims arising out of Nissan's intentional failure to disclose the fact that its vehicles' timing chain components were prone to premature failure, and that as a result of Nissan's active concealment, a class of consumers suffered damages. (*Id.*; *Falco* Action, Dkt. No. 1.)

## II. THE ACTIONS SHOULD BE CONSOLIDATED.

This Court has broad discretion to consolidate actions involving common questions of law or fact. Fed. R. Civ. P. 42(a); *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984).

The *Falco* and *Seguin* Actions present nearly identical factual and legal issues, and for purposes of consolidation, they are essentially the same case. (Declaration of Mark Pifko in Support of Plaintiffs' Motion to Consolidate Related Cases and Appoint Interim Class Counsel ("Pifko Decl.") at ¶ 7.) Both actions are putative class actions concerning the alleged fraudulent , unfair, unlawful and deceptive practices conducted by Nissan in violation of consumer protection laws. (*Id.*) Both actions assert claims that arise from Nissan's common practices regarding its failure to disclose the fact that the timing chain system installed in certain Nissan vehicles was prone to premature failure. (*Id.*) Plaintiffs Falco and Seguin allege that Nissan's failure to disclose this defect presents a safety risk to consumers. (*Id.*) Plaintiffs Falco and Seguin both allege that as a result of Nissan's active concealment and failure to disclose known defects in the timing chain system, they and similarly situated consumers suffered damages. (*Id.*)

Both actions allege claims arising under the same statutory causes of action. (*Id.* ¶ 8.) In particular, both Plaintiff Falco and Plaintiff Seguin assert claims arising under California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*), California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*), and breach of implied warranty pursuant to the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1792 and 1791.1, *et seq.*). (*Id.*) Furthermore, the class definitions in the *Falco* and *Seguin* actions substantially overlap. (*Id.*) Both Plaintiff Falco and Plaintiff Seguin seek to represent a nationwide class of individuals in the United States who purchased or leased certain, specifically identified Nissan vehicles, as well as a statewide class of California

citizens who purchased or leased those same Nissan vehicles. (*Id.*) Because each action is a putative class action, the issues concerning class certification will be substantially similar as well.

In light of the above, to protect the interests of efficiency, judicial economy, and the putative classes, consolidation and the appointment of interim class counsel are necessary and appropriate. Consolidation and appointment of interim counsel for the class will not cause delay. The *Falco* and *Seguin* Actions are both in the nascent stages of litigation. (*Id.* ¶ 10.) At this time, no discovery has yet been served, and no Rule 26(f) conferences have taken place. (*Id.*) Therefore, given the similarities between these related cases, and the lack of any inconvenience, delay or expense that would result from consolidation, the Court should consolidate the *Falco* and *Seguin* Actions and appoint Baron & Budd, P.C. and Strategic Legal Practices, APC as lead interim counsel for the class.

### III.   BARON & BUDD, P.C. AND STRATEGIC LEGAL PRACTICES, APC SHOULD BE APPOINTED AS CO-LEAD INTERIM CLASS COUNSEL

#### A.   The Court May Designate Co-Lead Interim Class Counsel Now

Under Federal Rule of Civil Procedure 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Where, as here, multiple class actions are pending, appointment of class counsel is necessary to protect the putative class's interests.

Although Rule 23(g)(3) does not provide any guidance for selecting interim class counsel, a court may consider the factors enumerated in Rule 23(g)(1), which lists the factors to consider when appointing class counsel. *Parkinson v. Hyundai Motor America*, 2006 U.S. Dist. LEXIS 59055, at *6 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply, however"); *In re Air Cargo Shipping Services Antitrust Litigation,* 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Fed. R. Civ. P. 23(g)(1)(A) and (B)], which

govern[] appointment of class counsel once a class is certified, apply equally to the designation of class counsel before certification").

Under Rule 23(g)(1), a court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." In addition to these factors, the Court may also consider any other matter pertinent to counsel's ability to fairly represent the putative class. Fed. R. Civ. P. 23(g)(1)(B). Each of the Rule 23(g) factors strongly militates in favor of appointing Baron and Budd, P.C. and Strategic Legal Practices, APC as co-lead interim class counsel at this juncture.

**B.   Pursuant to Rule 23(g), the Court Should Designate Baron & Budd, P.C. and Strategic Legal Practices, APC as Co-Lead Interim Class Counsel.**

**1.   Baron & Budd, P.C.**

Baron & Budd, P.C. should be appointed as co-lead interim class counsel. Baron & Budd, P.C.'s prosecution of the consolidated cases against Nissan would be led by attorneys Roland Tellis, Mark Pifko and Natasha Mehta (Declaration of Roland Tellis in Support of Plaintiffs' Motion to Consolidate Related Cases and Appoint Interim Class Counsel ("Tellis Decl.") at ¶ 1.) Mr. Tellis is a shareholder, and Mr. Pifko and Ms. Mehta are associates with the law firm Baron & Budd, P.C. (*Id.*) Baron & Budd, P.C. and the attorneys involved in this litigation satisfy all criteria set forth in Rule 23(g). As described in detail below, they will be able to assist the Court so that this case can proceed in a professional, cooperative and efficient manner, not only with the Court, but also with all counsel of record.

### a. Time Invested

Although the related cases are in their early stages of litigation, Baron & Budd, P.C. has done substantial work to identify and investigate the claims of the class and to initiate this litigation. (Pifko Decl. ¶ 9.) Baron & Budd, P.C.'s pre-filing investigation included interviews with putative class members, consultation with engineering experts concerning the alleged defects, and review of technical documents, including Technical Service Bulletins issued by Nissan. (*Id.*) Ultimately, after many months of extensive investigation and analysis of the facts and the law, Baron & Budd, P.C. researched, directed and led preparation of Plaintiff Seguin's complaint against Nissan, which was filed on February 4, 2013. (*Id.*) Baron & Budd, P.C. also prepared a notice and demand letter under California's Consumers Legal Remedies Act, which was sent to Nissan via certified mail on February 4, 2013. (*Id.*)

### b. Experience and Knowledge of Attorneys

Roland Tellis, Mark Pifko, and their firm, Baron & Budd, P.C. are experienced in handling class actions, other complex litigation, and the types of claims asserted in these actions. As is evident from their experience, as set forth below, and the work done so far on this case, Mr. Tellis and Mr. Pifko are knowledgeable attorneys who will diligently prosecute this case.

#### (i) Roland Tellis

Mr. Tellis has been an attorney for seventeen years, and a shareholder at Baron & Budd, P.C. since October 2010. (Tellis Decl. ¶ 2.) Mr. Tellis co-manages the Los Angeles office of Baron & Budd, P.C. (*Id.*) Prior to joining Baron & Budd, P.C., Mr. Tellis was a partner at the international law firm Bingham McCutchen LLP. (*Id.*) Mr. Tellis' practice focuses on complex litigation and class actions involving consumer disputes, fraud, securities, environmental matters, and business torts. (*Id.*)

Mr. Tellis has represented parties in numerous consumer class action cases concerning false advertising and fraud. (*Id.* ¶ 3.) Class action cases in which Mr. Tellis is

counsel include: *IN RE: Avon Anti-Aging Skincare Creams and Products Marketing and Sales Practices Litigation*, (S.D.N.Y. Case No. 1:13-cv-01417) (putative class action concerning false advertising on anti-aging products' labels); *IN RE: L'Oreal Wrinkle Cream Marketing and Sales Practices Litigation*, (D.N.J. Case No. 2:12-cv-07869) (putative class action concerning false advertising on anti-aging products' labels); *IN RE: Alexia Foods, Inc.* (N.D. Cal. Case No. 4:11-cv-06119-PJH) (putative class action concerning false advertising, fraud and misrepresentation on frozen food products' labels); *Michael J. Otto v. Abbott Laboratories, Inc.*, (C.D. Cal. Case No. 5:12-1411-SVW) (putative class action concerning false advertising, fraud and misrepresentation concerning nutritional supplement drinks); *Stitt, et al., v. Citibank, N.A, et al.*, (N.D. Cal. Case No. 4:12-cv-03892-YGR), *Bias, et al., v. Wells Fargo & Company, et al.* (N.D. Cal. Case No. 4:12-cv-00664-YGR), and *Ellis, et al., v. J.P. Morgan Chase & Co., et al.*, (N.D. Cal. Case No. 4-12-cv-03897-YGR) (putative class actions concerning banks' unlawful mark-ups of mortgage default service fees); and *Brad Aarons v. BMW of North America LLC* (C.D. Cal. Case No. 2:11-cv-07667-PSG-CW) (putative class action concerning car manufacturer's failure to disclose a safety defect to consumers). (*Id.*)

Additional class action cases Mr. Tellis has been involved in include: *Clark v. NeilMed Pharmaceuticals, Inc.* (S.D. Cal. Case No. 3:10-cv-01453) (claims for false designation of origin and false labeling); *Poliner v. Gateway Computers* (Los Angeles Super. Ct. Case No. BC308923) (alleging failure to properly account for monetary credits and California Redemption Value on returns of alcohol beverages). (*Id.* ¶ 4.) Indeed, Mr. Tellis has significant experience litigating class action matters.

Mr. Tellis has been recognized by his peers for his skill and experience as a litigator. Mr. Tellis has served on the Board of Governors of the Association of Business Trial Lawyers Los Angeles Chapter, and is a Central District Lawyer Representative to the Ninth Circuit Judicial Conference. (*Id.* ¶ 5.) Mr. Tellis also serves as the Co-Chair of the Central District Court's Attorney Settlement Officer Panel Committee. (*Id.*) Mr. Tellis formerly served as a program chair and faculty member for the Practicing Law

Institute's "Taking and Defending Depositions" annual program. (*Id.* ¶ 6.)

### (ii) Mark Pifko

Mr. Pifko joined Baron & Budd, P.C.'s Los Angeles office in 2011, where he represents clients in complex and class action litigation matters. (Pifko Decl. ¶ 2.) Mr. Pifko has been on both the prosecution and defense sides of more than fifty class action lawsuits and other complex legal matters concerning a variety of consumer goods, including food products, consumer electronics, dietary supplements, vehicles, software, mortgage service fees, and other items. (*Id.*)

Mr. Pifko is currently counsel in a number of putative class action cases concerning false and deceptive advertising. (*Id.* ¶¶ 3-4.) He is currently counsel in the following matters: *IN RE: Avon Anti-Aging Skincare Creams and Products Marketing and Sales Practices Litigation*, (S.D.N.Y. Case No. 1:13-cv-01417) (putative class action concerning false advertising on anti-aging products' labels); *IN RE: L'Oreal Wrinkle Cream Marketing and Sales Practices Litigation*, (D.N.J. Case No. 2:12-cv-07869) (putative class action concerning false advertising on anti-aging products' labels); *IN RE: Alexia Foods, Inc.* (N.D. Cal. Case No. 4:11-cv-06119-PJH) (putative class action concerning false advertising, fraud and misrepresentation on frozen food products' labels); *Michael J. Otto v. Abbott Laboratories, Inc.*, (C.D. Cal. Case No. 5:12-1411-SVW) (putative class action concerning false advertising, fraud and misrepresentation concerning nutritional supplement drinks). (*Id.* ¶ 3.)

Mr. Pifko is also currently counsel in the following putative class action cases: *Stitt, et al., v. Citibank, N.A, et al.*, (N.D. Cal. Case No. 4:12-cv-03892-YGR), *Bias, et al., v. Wells Fargo & Company, et al.* (N.D. Cal. Case No. 4:12-cv-00664-YGR), and *Ellis, et al., v. J.P. Morgan Chase & Co., et al.*, (N.D. Cal. Case No. 4-12-cv-03897-YGR) (putative class actions concerning banks' unlawful mark-ups of mortgage default service fees); and *Brad Aarons v. BMW of North America LLC* (C.D. Cal. Case No. 2:11-cv-07667-PSG-CW) (putative class action concerning car manufacturer's failure to disclose a

safety defect to consumers). (*Id.* ¶ 4.)

Other noteworthy complex and class action cases Mr. Pifko has had significant involvement in include: *Marilau v. McDonald's Corp.*, 632 F. Supp. 2d 1008 (S.D. Cal. 2009) (class action regarding major restaurant chain's alleged violations of California's gift card laws); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798 (2007) (allegations that progesterone cream products required warnings under California consumer laws and Proposition 65); *Wiener v. Dannon Co.*, 255 F.R.D. 658 (C.D. Cal. 2009) (class action alleging false advertising concerning yogurt products); and *In re Light Cigarettes Marketing and Sales Practices Litig.*, 652 F. Supp. 2d 1379 (MDL No. 2068) (class action alleging false advertising concerning light cigarettes). (Id. ¶ 5.)

Finally, Mr. Pifko has published several articles concerning class actions and consumer laws. (*Id.* ¶ 6.) Relevant articles include: "Game On!," Daily Journal (March 14, 2011), "Getting What You Paid For," California Lawyer Magazine (February 2010); "California District Attorneys Enforce Gift Card Law Against Major Retailer, Highlighting Increasing Government Enforcement Trend," Arnold & Porter LLP Advisory (August 2009); "California Supreme Court Rules Consumers Need Actual Injury for CLRA Claim," Arnold & Porter LLP Advisory (February 2009); and "AHPA Members Fight California 'Shakedown' Lawsuit: Potential Industry-wide Benefits," American Herbal Products Association (APHA) Report (October 2006). (*Id.*)

### c. Resources of the Firm

Baron & Budd, P.C. is among the largest and most accomplished plaintiffs' law firms in the country. (Tellis Decl. ¶ 7). With approximately 40 attorneys and more than 200 staff, Baron & Budd, P.C. has the expertise and resources to handle complex litigation throughout the United States. (*Id.*) As a law firm that prides itself on remaining at the forefront of litigation, Baron & Budd, P.C. has spearheaded many significant cases for entities and individuals. (*Id.*) Counsel will draw on their own experience and on the extensive experience and resources of the firm in representing the class.

8

Case Nos.: 2:13-cv-00686-DDP-MAN
2:13-cv-00761-DDP-MAN

PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL

Since the firm was founded in 1977, Baron & Budd, P.C. has achieved national acclaim for its work on cutting-edge litigation:

- In September 2010, Baron & Budd, P.C. was one of only four firms chosen to serve on both the Plaintiffs' Executive Committee and on the Plaintiffs' Steering Committee of the Multi-District Litigation in the Gulf Oil Spill litigation.
- In August 2010, Baron & Budd, P.C. was retained by the State of Louisiana to provide counsel to the State's designated Trustees in connection with issues related to the Deepwater Horizon explosion and resulting oil spill.
- In 2002-2006, 2008, 2011-2012, Baron & Budd, P.C. was named to the *National Law Journal*'s "Plaintiffs' Hot List" of exemplary plaintiffs' firms in the United States.
- In 2004, *American Lawyer* named Baron & Budd, P.C. one of the sixteen most successful plaintiffs' firms in the country.
- In 2006, the non-profit Public Justice named a team of Baron & Budd, P.C. attorneys "Trial Lawyer of the Year" for its work on litigation that spanned 21 years, involved over 1,600 plaintiffs, and resulted in a total recovery of more than $150 million.
- In 2007, Russell Budd and Baron & Budd, P.C. attorney Burton LeBlanc were among 14 attorneys nationwide to be honored with the Wiedemann Wysocki National Finance Council Award from the American Association for Justice in recognition of their commitment to the legal profession and their efforts to improve the civil justice system.
- In 2009, Baron & Budd, P.C. was a finalist for the Public Justice Trial Lawyer of the Year Award for its recovery of more than $400 million on behalf of more than 150 municipalities from 17 states.
- Baron & Budd, P.C. has been repeatedly selected by The Legal 500 as one of the country's premier law firms in mass tort claims and class action litigation. (*Id.*¶ 9.)

Based on the firm's historic successes in handling complex protracted litigation, there is no doubt that the firm has the willingness, resolve, resources and ability to commit to a time-consuming process to achieve a successful result in this litigation.  (*Id.* ¶ 8.)  Furthermore, the firm's familiarity and experience with the complex issues involved in this case will serve to streamline and simplify the issues in this case.

### 2. Strategic Legal Practices

#### a. Time Invested

Strategic has similarly done a substantial amount of work to investigate and identify the potential claims that were ultimately asserted in this matter.[1]  Among other things, Strategic reviewed class vehicles' repair orders documenting the alleged defect, reviewed Nissan manuals and technical service bulletins, consulted blogs and the National Highway Traffic Safety Administration (NHTSA) website where consumers had complaint about the alleged defect, conducted research into potential causes of action, and researched other cases in which the same or similar defects were alleged against other manufacturers. (Declaration of Payam Shahian in Support of Plaintiff's Motion to Consolidate and Appoint Interim Class Counsel ("Shahian, Decl.") at ¶ 12.)   In addition, to date, Strategic has spent a considerable amount of time learning about the alleged defect and identifying potential experts.  (*Id.*)

#### b. Experience and Knowledge of Attorneys

Strategic Legal Practices' prosecution of the consolidated cases against Nissan would be led by Payam Shahian, a Shareholder of the firm. (Shahian Decl., ¶ 1.)  Mr. Shahian has extensive experience litigating class action cases at all stages of litigation, including appellate practice.  He has litigated hundreds of cases concerning vehicle warranties and vehicle defects.  As such, he will draw on his relevant knowledge and experience to ensure that litigation against Nissan proceeds efficiently and in a well-informed manner.

---

[1] The *Falco* complaint was initially filed in state court on December 27, 2012.

Mr. Shahian has extensive experience litigating cases concerning consumer vehicle warranties and vehicle safety defects. (*Id.* ¶¶ 4, 7-9.) Between 2004 and 2007, he worked at Bowman & Brooke LLP, a national defense firm where he primarily represented Ford Motor Company in over 150 consumer vehicle warranty cases. (*Id.* ¶ 4.) And since 2007, Mr. Shahian has represented consumers and employees in over 50 class action matters. (Shahian, Decl. ¶ 5.) Mr. Shahian has litigated these cases at all stages of litigation, including class certification, appellate practice and settlement approval. (*Id.* ¶¶ 7-9.) For example, in *Keegan et al. v. American Honda Motor Co., Inc.*, 284 F.R.D. 504 (C.D. Cal. June 12, 2012), Mr. Shahian, as one of the lead attorneys in the case, helped certify a multi-state class of owners and lessees of 2006-2007 Honda Civics and 2006-2008 Honda Civic Hybrids with defective rear suspensions. (*Id.* ¶ 7.) *Keegan* was in fact the first case in which an implied warranty cause of action under the Song-Beverly Act was certified. (*Id.*) And in *Mazza v. Am. Honda Motor Co., Inc.*, Case No. 07-07857 (C.D. Cal.), as one of the lead attorneys in the case, Mr. Shahian helped certify a nationwide class of Acura owners alleging, inter alia, violations of California's Unfair Competition Law and the Consumer Remedies Act in connection with allegations that Honda failed to disclose, pre-purchase, material information about the braking system to the class members. *Mazza v. Am. Honda Motor Co., Inc.*, 254 F.R.D. 610 (2008), vac'd by *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012); *but see Yamada v. Nobel Biocare Holding AG*, Case No. 10-04849, Dkt. No. 144, 3 (C.D. Cal. Aug. 31, 2012) (noting that "the Court agrees with the Mazza dissent," and holding that application of California law to the nationwide class was proper post *Mazza* in that case). (*Id.*) At that time, based upon Mr. Shahian's personal research, *Mazza* was one of the first two cases to have successfully certified UCL and CLRA claims on behalf of a nationwide class. (*Id.*)

At the appellate level, Mr. Shahian has been able to fully litigate consumer class actions related to automobile defects while preserving the continuity established at the pre-filing stage. (*Id.* ¶ 8.) *See Aberdeen v. Toyota Motor Sales, U.S.A., Inc.*, 422 Fed. Appx. 617 (9th Cir. 2011) (affirming in part and reversing in part district court's denial of

class certification where plaintiff alleged Toyota failed to disclose the real-world fuel economy of the Prius). (*Id.*)

At the settlement approval stage, Mr. Shahian has helped achieve final approval and/or preliminary approval of settlements on behalf of hundreds of thousands of class members who suffered damages related to automobile defects. (*Id.* ¶ 9.) *See, e.g., In re Mini Windshield Actions (Ehrlich v. BMW)*, Case No. 10-01151, Dkt. No. 94 (C.D. Cal. 2012) (final approval of nationwide class action settlement on behalf of consumers of MINI Coopers for alleged windshield defects); *Marsikian et al. v. Mercedes-Benz USA, LLC*, Case No. 08-04876, Dkt. No. 125 (C.D. Cal. 2010) (nationwide class action settlement involving over a 100,000 vehicles with an alleged water leak defect); *In re Michelin North Am., Inc. Pax Sys. Marketing & Sales Prac. Litig.*, MDL No. 1911(final approval of nationwide settlement on behalf of approximately 94,000 class members who owned Honda vehicles with Michelin tires that were, among other deficiencies, predisposed to premature tread wear); *Kennedy-Lebar et al. v. Volkswagen Group of America, Inc.*, Case No. 10-05126, Dkt. No. 76 (D.N.J. Apr. 22, 2013) (preliminary approval of nationwide settlement on behalf of owners and lessees of 2005 and 2006 Audi A4 (B7), 2005 Audi A4 (B6), and 2004-2007 (pre-GP) Volkswagen Touareg vehicles with defective headlights); *Keegan et al. v. American Honda Motor Co., Inc.*, Case No. 10-09508, Dkt. No. 162 (C.D. Cal. Apr. 11, 2013) (preliminary approval of  nationwide class action settlement on behalf of owners and lessees of 2006-2007 Honda Civics and 2006-2008 Honda Civic Hybrids with defective rear suspensions); *Sadowska et al. v. Volkswagen Group of America et al.*, Case No. 11-00665, Dkt. No. 89 (C.D. Cal. Mar. 11, 2013) (preliminary approval of nationwide settlement on behalf of owners and lessees of 2002-2006 Audi A4 vehicles and Audi A6 vehicles with defective transmissions). (*Id.*)

Mr. Shahian is also currently involved in several other putative class action cases involving vehicle defects. *See e.g. Ho et al. v. Toyota Motor Corp. et al.*, (N.D. Cal. Case No. 12-2672 ) (putative class action involving defective headlights); *Belle v. Chrysler Group, LLC* (2:13-cv-02391-ES-SCM ) (putative class action involving alleged defective

brakes); *Feldman et al. v. Mercedes-Benz USA, LLC* (D.N.J. Case No. 2:11-CV-00984) (putative class action involving Mercedes-Benz vehicles with and alleged water leak defect).

Having represented both consumers and employees in over fifty class action matters, Mr. Shahian's experience is not limited to litigation concerning vehicle warranties and defects. (*Id.* ¶ 6.) Mr. Shahian has represented classes of plaintiffs in cases concerning employment law. (*Id.* ¶¶ 7-9). His representative matters include. *See e.g. Clymer v. Candle Acquisition Co.*, Case No. BC328765 (L.A. Super. Ct. 2009) (certifying wage stamen claim under California Labor Code section 226 ); *Price v. Automobile Club of Southern California*, 2010 WL 2028529 (2010) (ruling that the lower court erred when sustaining demurrer without leave to amend in putative class action employment case); and *Munoz v. JC. Penney Corp., Inc.*, Case No. 09-00833, Dkt. No. 93 (C.D. Cal. 2010) (obtained settlement on behalf of over 70,000 non-exempt former and current retail store employees for several wage and hour claims, including the failure to pay premiums for missed meal and rest breaks). (*Id.*)

In sum, with extensive experience litigating class actions on behalf of consumers, with respect to vehicle defects in particular, Mr. Shahian and his firm are well-positioned to be appointed co-lead interim class counsel in the present related actions against Nissan.

### c. Resources of the Firm

Strategic Legal Practices, APC was established in 2010 and at the present time, in addition to staff, Strategic employs three full time attorneys and one of-counsel. (Shahian Decl., ¶ 6.) Since 2010, Strategic's attorneys have successfully resolved hundreds of consumer warranty cases and have achieved preliminary and/or final approval on behalf of hundreds of thousands of consumers in four separate nationwide consumer class action matters involving vehicle defects. (*Id.* ¶ 7.) Accordingly, Strategic has the resources, experience, knowledge and record of success to achieve the best possible result in this litigation.

IV. **CONCLUSION**

For the foregoing reasons, *Falco v. Nissan North America, Inc., et al.* (C.D. Cal. Case No. 13-cv-00686-DDP-MAN) and *Seguin v. Nissan North America, Inc., et al.* (C.D. Cal. Case No. 13-cv-00761-DDP-MAN) should be consolidated. Baron & Budd and Strategic Legal Practices should be appointed as Co-Lead Interim Class Counsel for the above cases and any other subsequently filed cases that are deemed to be related to these actions.

Dated: May 6, 2013              BARON & BUDD, P.C.

                                By: /s/ Mark Pifko
                                Mark Pifko

                                Roland Tellis (SBN 186269)
                                rtellis@baronbudd.com
                                Mark Pifko (SBN 228412)
                                mpifko@baronbudd.com
                                Natasha Mehta (SBN 272241)
                                nmehta@baronbudd.com
                                BARON & BUDD, P.C.
                                15910 Ventura Boulevard, Suite 1600
                                Encino, California  91436
                                Telephone:   (818) 839-2333
                                Facsimile:   (818) 986-9698

                                Attorneys for Plaintiff
                                JOEL SEGUIN, individually, and on
                                behalf of other members of the general
                                public similarly situated

| | |
|---|---|
| Dated: May 6, 2013 | STRATEGIC LEGAL PRACTICES, APC |
| | By: /s/ Christopher Swanson |
| | Christopher Swanson |
| | |
| | Payam Shahian (SBN 228406) |
| | pshahian@slpattorney.com |
| | Ramtin Shahian (SBN 276203) |
| | rshahian@slpattorney.com |
| | Christopher Swanson (SBN 278413) |
| | cswanson@slpattorney.com |
| | STRATEGIC LEGAL PRACTICES, APC |
| | 1875 Century Park East, Suite 700 |
| | Los Angeles, California 90067 |
| | Telephone: (310) 277-1040 |
| | Facsimile: (310) 943-3838 |
| | |
| | Jordan Lurie (SBN 130013) |
| | Jordan.Lurie@capstonelawyers.com |
| | David Cheng (SBN 240926) |
| | David.Cheng@capstonelawyers.com |
| | Cody Padgett (SBN 275553) |
| | Cody.Padgett@capstonelawyers.com |
| | CAPSTONE LAW APC |
| | 1840 Century Park East, Suite 450 |
| | Los Angeles, California 90067 |
| | Telephone: (310) 556-4811 |
| | Facsimile: (310) 943-0396 |
| | |
| | Dara Tabesh (SBN 230434) |
| | dara.tabesh@ecotechlaw.com |
| | ECOTECH LAW GROUP, P.C. |
| | 333 First Street, Suite C |
| | San Francisco, California 94105 |
| | Telephone: (415) 503-9134 |
| | Facsimile: (415) 651-8639 |
| | |
| | Attorneys for Plaintiff |
| | KOBE FALCO, individually, and on behalf of a class of all other similarly situated individuals |

Local Rule 5-4.3.4 Attestation

    I attest that counsel for Plaintiff Joel Seguin, Mark Pifko, concurs in this filing's content and has authorized the filing.

DATED: May 6, 2013          STRATEGIC LEGAL PRACTICES, APC

                              By:  /s/ Christopher Swanson
                                    Christopher Swanson