```
 1  Roland Tellis (SBN 186269)
    rtellis@baronbudd.com
 2  Mark Pifko (SBN 228412)
    mpifko@baronbudd.com
 3  Natasha Mehta (SBN 272241)
    nmehta@baronbudd.com
 4  BARON & BUDD, P.C.
    15910 Ventura Boulevard, Suite 1600
 5  Encino, California  91436
    Telephone:   (818) 839-2333
 6  Facsimile:   (818) 986-9698

 7  Attorneys for Plaintiff JOEL SEGUIN,
    individually, and on behalf of other
 8  members of the general public similarly
    situated
 9
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOBE FALCO, individually, and on behalf of a class of all other similarly situated individuals,<br><br>　　　　　Plaintiff,<br>vs.<br><br>NISSAN NORTH AMERICA, INC., a California corporation, NISSAN MOTOR COMPANY, LTD., a Japanese company, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case Number: 2:13-cv-00686-DDP-MAN<br>CLASS ACTION<br>Action Filed: Jan. 31, 2013 (removal)<br><br>**DECLARATION OF MARK PIFKO IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES AND APPOINT INTERIM CLASS COUNSEL**<br><br>Date:  Monday, June 6, 2013<br>Time:  10:00 a.m.<br>Location:  312 N. Spring St., Ctrm. 3<br>Judge:  Hon. Dean D. Pregerson |
| *This Declaration also applies to*:<br>JOEL SEGUIN, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br>vs.<br><br>NISSAN NORTH AMERICA, INC. a California corporation, and NISSAN JIDOSHA KABUSHIKI KAISHA d/b/a NISSAN MOTOR CO., LTD., a publicly traded company in Japan,<br><br>　　　　　Defendants. | Case No.: 2:13-cv-00761-DDP-MAN<br>CLASS ACTION<br>Action Filed:  Feb. 4, 2013<br><br>Date:  Monday, June 6, 2013<br>Time:  10:00 a.m.<br>Location:  312 N. Spring St., Ctrm. 3<br>Judge:  Hon. Dean D. Pregerson |

Case Nos. 2:13-cv-00686-DDP-MAN
2:13-cv-00761-DDP-MAN

DECLARATION OF MARK PIFKO IN SUPPORT OF PLAINTIFFS'
MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL

## DECLARATION OF MARK PIFKO

I, Mark Pifko, declare as follows:

1. I am an attorney licensed to practice before this Court and all courts of the State of California. Unless the context indicates otherwise, I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently to them. I am an attorney with Baron & Budd, P.C., counsel for Plaintiff Joel Seguin ("Seguin") in *Seguin v. Nissan North America, Inc., et al.*, C.D. Cal., Case No. 2:13-sv-00761-DDP-MAN ("*Seguin* Action"). I make this declaration in support of Plaintiffs' Motion to Consolidate Related Cases and Appoint Interim Class Counsel.

2. I joined Baron & Budd, P.C.'s Los Angeles office in 2011, where I represent clients in complex and class action litigation matters. My practice focuses on cases involving false advertising, fraud, and scientific and technical disputes. Prior to joining Baron & Budd, P.C., I was an attorney with the international law firms Bingham McCutchen LLP and Arnold & Porter LLP, and I have been on both the prosecution and defense sides of more than fifty class action lawsuits and other complex legal matters concerning a variety of consumer goods, including food products, consumer electronics, dietary supplements, vehicles, software, mortgage service fees, and other items.

3. I am currently counsel in a number of putative class action cases concerning false and deceptive advertising, including: *IN RE: Avon Anti-Aging Skincare Creams and Products Marketing and Sales Practices Litigation*, (S.D.N.Y. Case No. 1:13-cv-01417) (putative class action concerning false advertising on anti-aging products' labels); *IN RE: L'Oreal Wrinkle Cream Marketing and Sales Practices Litigation*, (D.N.J. Case No. 2:12-cv-07869) (putative class action concerning false advertising on anti-aging products' labels); *IN RE: Alexia Foods, Inc.* (N.D. Cal. Case No. 4:11-cv-06119-PJH) (putative class action concerning false advertising, fraud and misrepresentation on frozen food products' labels); and *Michael J. Otto v. Abbott Laboratories, Inc.*, (C.D. Cal. Case No. 5:12-1411-SVW) (putative class action concerning false advertising, fraud and

misrepresentation concerning nutritional supplement drinks).

4. In addition, I am currently counsel in the following putative class action cases: *Stitt, et al., v. Citibank, N.A, et al.*, (N.D. Cal. Case No. 4:12-cv-03892-YGR), *Bias, et al., v. Wells Fargo & Company, et al.* (N.D. Cal. Case No. 4:12-cv-00664-YGR), and *Ellis, et al., v. J.P. Morgan Chase & Co., et al.*, (N.D. Cal. Case No. 4-12-cv-03897-YGR) (putative class actions concerning banks' unlawful mark-ups of mortgage default service fees); and *Brad Aarons v. BMW of North America* LLC (C.D. Cal. Case No. 2:11-cv-07667-PSG-CW) (putative class action concerning car manufacturer's failure to disclose a safety defect to consumers).

5. Other noteworthy complex and class actions cases I have had significant involvement in include: *Marilao v. McDonald's Corp.*, 632 F. Supp. 2d 1008 (S.D. Cal. 2009) (class action regarding major restaurant system's alleged violation of California's gift card laws); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798 (2007) (allegations that progesterone cream products required warnings under California consumer laws and Proposition 65); *Wiener v. Dannon Co.*, 255 F.R.D. 658 (C.D. Cal. 2009) (class action alleging false advertising concerning yogurt products); and *In re Light Cigarettes Marketing and Sales Practices. Litig.*, 652 F. Supp. 2d 1379 (MDL No. 2068) (class action alleging false advertising concerning light cigarettes).

6. In addition, I have published several articles concerning class actions and consumer laws. Relevant articles include "Game On!," *Daily Journal* (March 14, 2011), "Getting What You Paid For," *California Lawyer Magazine* (February 2010); "California District Attorneys Enforce Gift Card Law Against Major Retailer, Highlighting Increasing Government Enforcement Trend," *Arnold & Porter LLP Advisory* (August 2009); "California Supreme Court Rules Consumers Need Actual Injury for CLRA Claim," *Arnold & Porter LLP Advisory* (February 2009); and "AHPA Members Fight California 'Shakedown' Lawsuit: Potential Industry-wide Benefits," *American Herbal Products Association (APHA) Report* (October 2006).

7. The *Seguin* Action and *Falco v. Nissan North America, Inc., et al.*, Case No. 2:13-cv-00686-DDP-MAN (C.D. Cal., removed Jan. 31, 2012) ("*Falco* Action") present nearly identical factual and legal issues, and for purposes of consolidation, they are essentially the same case. Both actions are putative class actions concerning the alleged fraudulent, unfair, unlawful and deceptive practices conducted by Defendants Nissan North America, Inc. and Nissan Motor Co., Ltd., (collectively, "Nissan"), in violation of consumer protection laws. Both actions assert claims that arise from Nissan's common practices regarding its failure to disclose the fact that the timing chain system installed in certain Nissan vehicles was prone to premature failure. Plaintiffs Seguin and Kobe Falco ("Falco") allege that Nissan's failure to disclose this defect presents a safety risk to consumers. Plaintiffs Falco and Seguin both allege that as a result of Nissan's active concealment and failure to disclose known defects in the timing chain system, they and similarly situated consumers suffered damages.

8. Both actions allege claims arising under the same statutory causes of action. In particular, both Plaintiff Falco and Plaintiff Seguin assert claims arising under California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*), California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*), and breach of implied warranty pursuant to the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1792 and 1791.1, *et seq.*). Furthermore, the class definitions in the *Falco* and *Seguin* Actions substantially overlap. Both Plaintiff Falco and Plaintiff Seguin seek to represent a nationwide class of individuals in the United States who purchased or leased certain, specifically identified Nissan vehicles, as well as a statewide class of California citizens who purchased or leased those same Nissan vehicles.

9. Although the related cases are in their early stages of litigation, Baron & Budd, P.C. has done substantial work to identify and investigate the claims of the class and to initiate this litigation. Baron & Budd, P.C.'s pre-filing investigation included interviews with putative class members, consultation with engineering experts concerning

3   Case Nos.: 2:13-cv-00686-DDP-MAN
            2:13-cv-00761-DDP-MAN

DECLARATION OF MARK PIFKO IN SUPPORT OF PLAINTIFFS'
MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL

1  the alleged defects, and review of technical documents, including Technical Service
2  Bulletins issued by Nissan.  Ultimately, after many months of extensive investigation and
3  analysis of the facts and the law, Baron & Budd, P.C. researched, directed and led
4  preparation of Plaintiff Seguin's complaint against Nissan, which was filed on February 4,
5  2013.  Baron & Budd, P.C. also prepared a notice and demand letter under California's
6  Consumers Legal Remedies Act, which was sent to Nissan via certified mail on February
7  4, 2013.

     10.   At this time, the *Falco* and *Seguin* Actions are both in the nascent stages of litigation.  No discovery has yet been served, and no Rule 26(f) conferences have taken place.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 6th day of May 2013, at Encino, California.

_____
Mark Pifko