Payam Shahian (SBN 228406)
Pshahian@slpattorney.com
Strategic Legal Practices, APC
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 277-1040
Facsimile   (310) 943-3838

Attorneys for Plaintiff KOBE FALCO,
individually, and on behalf of a class
of all other similarly situated individuals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOBE FALCO, individually, and on behalf of a class of all other similarly situated individuals,<br><br>　　　　Plaintiff,<br>vs.<br><br>NISSAN NORTH AMERICA, INC., a California corporation, NISSAN MOTOR COMPANY, LTD., a Japanese company, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 2:13-cv-00686-DDP-MAN<br>CLASS ACTION<br>Action Filed: Jan. 31, 2013 (removal)<br><br>**DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES AND APPOINT CO-LEAD INTERIM CLASS COUNSEL**<br><br>Date: Monday, June 6, 2013<br>Time: 10:00 a.m.<br>Location: 312 N. Spring St., Ctrm. 3<br>Judge: Hon. Dean D. Pregerson |
| *This Declaration also applies to*:<br>JOEL SEGUIN, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　Plaintiff,<br>vs.<br><br>NISSAN NORTH AMERICA, INC. a California corporation, and NISSAN JIDOSHA KABUSHIKI KAISHA d/b/a NISSAN MOTOR CO., LTD., a publicly traded company in Japan,<br><br>　　　　Defendants. | Case No.: 2:13-cv-00761-DDP-MAN<br>CLASS ACTION<br>Action Filed: Feb. 4, 2013<br><br>Date: Monday, June 6, 2013<br>Time: 10:00 a.m.<br>Location: 312 N. Spring St., Ctrm. 3<br>Judge: Hon. Dean D. Pregerson |

# DECLARATION OF PAYAM SHAHIAN

I, Payam Shahian, declare:

1. I am an attorney admitted to the Bar of the State of California. I am a Shareholder of Strategic Legal Practices, APC ("Strategic"), counsel of record for Plaintiff Kobe Falco in the above-captioned matter. I have personal knowledge of the matters stated herein, and if called to testify about these facts, I could and would do so in a competent and truthful manner.

2. I submit this declaration in support of Plaintiffs' Motion to Consolidate Related Cases and Appoint Interim Co-Lead Class Counsel.

3. I graduated *cum laude* from UCLA in 2000 and then attended the University of California, Hastings College of the Law, from which I graduated in 2003.

4. Between 2004 and 2007, I worked at Bowman & Brooke LLP, a national defense firm where I primarily represented Ford Motor Company in over 150 consumer vehicle warranty cases.

5. Since 2007, I have represented both consumers and employees in over 50 class action matters.

6. In 2007, I joined a plaintiff class action firm, and in 2010, I established Strategic Legal Practices, APC. At the present time, in addition to my staff and I, Strategic employs two full-time attorneys and one of-counsel. Our practice mainly focuses on class action consumer fraud and warranty cases, as well as class action wage-and-hour cases.

7. Since 2010, Strategic's attorneys have successfully resolved hundreds of consumer warranty cases and have achieved preliminary and/or final approval on behalf of hundreds of thousands of consumers in four separate nationwide consumer class action settlements involving vehicle defects. (*See infra* at paragraph 10). Accordingly, Strategic has the resources, experience, knowledge and record of success to achieve a successful result in this litigation.

8. I have successfully certified class actions where certification was contested. In *Keegan et al. v. American Honda Motor Co., Inc.*, 284 F.R.D. 504 (C.D. Cal. June 12, 2012), I, as one of the lead attorney in the case, helped certify a multi-state class of owners and lessees of 2006-2007 Honda Civics and 2006-2008 Honda Civic Hybrids with defective rear suspensions. In addition to certifying various causes of action, based on my personal research, *Keegan* was the first case in which an implied warranty cause of action under the Song-Beverly Act was certified. In *Mazza v. Am. Honda Motor Co., Inc.*, (C.D. Cal., Case No. 07-07857 C.D. Cal.), as one of the lead attorneys in the case, I helped certify a nationwide class of Acura owners alleging, *inter alia*, violations of California's Unfair Competition Law and the Consumer Remedies Act in connection with allegations that Honda failed to disclose, pre-purchase, material information about the braking system to the class members. *Mazza v. Am. Honda Motor Co., Inc.*, 254 F.R.D. 610 (2008), *vac'd by Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012); *but see Yamada v. Nobel Biocare Holding* AG, Case No. 10-04849, Dkt. No. 144, 3 (C.D. Cal. Aug. 31, 2012) (noting that "the Court agrees with the *Mazza* dissent," and holding that application of California law to the nationwide class was proper). *See also In Re Pom Wonderful LLC Marketing And Sales Practices Litigation*, 2012 WL 4490860 (C.D. Cal. 2012) (Hon. Dean D. Pregerson presiding) (applying California law to the nationwide class). At the time, based on my personal research, *Mazza* was one of the first two cases to have successfully certified UCL and CLRA claims on behalf of a nationwide class. In *Clymer v. Candle Acquisition Co.*, Case No. BC328765 (L.A. Super. Ct. 2009), after a successful appeal, plaintiffs certification motion was granted as to wage statement violations under California Labor Code section 226 and California Business and Professions Code sections 17200 *et seq.*

2

DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFFS'
MOTION TO CONSOLIDATE CASES AND APPOINT CO-LEAD INTERIM CLASS
COUNSEL

9. I also have experience in appellate practice, allowing me to fully litigate any consumer class action while preserving the continuity that is established at the pre-filing stage. *See Aberdeen v. Toyota Motor Sales, U.S.A., Inc.*, 422 Fed. Appx. 617 (9th Cir. 2011) (affirming in part and reversing in part district court's denial of class certification where plaintiff alleged Toyota failed to disclose the real-world fuel economy of the Prius); *Price v. Automobile Club of Southern California*, 2010 WL 2028529 (2010) (ruling that the lower court erred when sustaining defendant's demurrer without leave to amend in putative class action alleging violations of Labor Code statutes and unfair competition); *Khani v. Ford Motor Company*, 2013 Cal. App. 2,WL 1768661 (April 2, 2013) (reversing trial court's order, which disqualified Payam Shahian and his law firm, Strategic Legal Practices, APC, from representing plaintiff in a consumer warranty case because Shahian formerly represented Ford).

10. I have also been part of and helped achieve final approval and/or preliminary approval of settlements on behalf of hundreds of thousands of class members. *See, e.g., In re Mini Windshield Actions (Ehrlich v. BMW)*, Case No. 10-01151, Dkt. No. 94 (C.D. Cal. 2012) (final approval of nationwide class action settlement on behalf of consumers of MINI Coopers for alleged windshield defects); *Marsikian et al. v. Mercedes-Benz USA, LLC*, Case No. 08-04876, Dkt. No. 125 (C.D. Cal. 2010) (nationwide class action settlement involving over a 100,000 vehicles with an alleged water leak defect); *In re Michelin North Am., Inc. Pax Sys. Marketing & Sales Prac. Litig.*, MDL No. 1911(final approval of nationwide settlement on behalf of approximately 94,000 class members who owned Honda vehicles with Michelin tires that were, among other deficiencies, predisposed to premature tread wear); *Kennedy-Lebar et al. v. Volkswagen Group of America, Inc.*, Case No. 10-05126, Dkt. No. 76 (D.N.J. Apr. 22, 2013) (preliminary approval of nationwide settlement on behalf of owners and lessees of 2005 and 2006 Audi A4 (B7), 2005 Audi A4 (B6), and 2004-2007 (pre-GP)

Volkswagen Touareg vehicles with defective headlights); *Keegan et al. v. American Honda Motor Co., Inc.*, Case No. 10-09508, Dkt. No. 162 (C.D. Cal. Apr. 11, 2013) (preliminary approval of nationwide class action settlement on behalf of owners and lessees of 2006-2007 Honda Civics and 2006-2008 Honda Civic Hybrids with defective rear suspensions); *Sadowska et al. v. Volkswagen Group of America et al.*, Case No. 11-00665, Dkt. No. 89 (C.D. Cal. Mar. 11, 2013) (preliminary approval of nationwide settlement on behalf of owners and lessees of 2002-2006 Audi A4 vehicles and Audi A6 vehicles with defective transmissions); *Munoz v. JC. Penney Corp., Inc.*, Case No. 09-00833, Dkt. No. 93 (C.D. Cal. 2010) (settlement on behalf of over 70,000 non-exempt former and current retail store employees for several wage and hour claims, including the failure to pay premiums for missed meal and rest breaks).

11. Mr. Shahian is also currently involved in several other putative class action cases involving vehicle defects. *See e.g. Ho et al. v. Toyota Motor Corp. et al.*, (N.D. Cal. Case No. 12-2672 ) (putative class action involving defective headlights); *Belle v. Chrysler Group, LLC* (2:13-cv-02391-ES-SCM ) (putative class action involving alleged defective brakes); *Feldman et al. v. Mercedes-Benz USA, LLC* (D.N.J. Case No. 2:11-CV-00984) (putative class action involving Mercedes-Benz vehicles with and alleged water leak defect).

12. My firm has done a considerable amount of work to investigate and identify the potential claims that were ultimately asserted in this matter.[1] For example, among other things, I reviewed class vehicles' repair orders documenting the alleged defect, reviewed Nissan manuals and technical service bulletins, consulted blogs and the National Highway Traffic Safety Administration (NHTSA) website where consumers had complaint about the alleged defect, conducted research into potential causes of action, and researched other cases in

---

[1] The *Falco* complaint was initially filed in state court on December 27, 2012.

which the same or similar defects were alleged against other manufacturers. In addition, to date, Strategic attorneys have spent a considerable amount of time learning about the alleged defect and interviewing and identifying potential experts.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 6, 2013 at Los Angeles, California.

*/s/ Payam Shahian*
Payam Shahian

---

5

DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT CO-LEAD INTERIM CLASS COUNSEL