1

2

3                                                           O

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11   KOBE FALCO, individually,      )  Case No. CV 13-00686 DDP (MANx)
     and on behalf of a class       )
12   similarly situated             )
     individuals,                   )  **ORDER GRANTING DEFENDANT'S MOTION**
13                                   )  **TO DISMISS PLAINTIFFS' FIRST**
                       Plaintiff,    )  **AMENDED COMPLAINT PURSUANT TO**
14                                   )  **RULES 12(B)(4) AND 12(B)(5)**
          v.                         )
15                                   )
     NISSAN NORTH AMERICA INC.,      )  [Dkt No. 28]
16   NISSAN MOTOR CO. LTD, a         )
     Japanese Company,               )
17                                   )
                       Defendants.   )
18                                   )
     _____)
19

20        Presently before the court is Defendant Nissan Motor Co.

21   Ltd.'s (NML) Motion to Dismiss Plaintiffs' First Amended Complaint

22   (FAC) Pursuant to Fed. R. Civ. Proc. 12(b)(5) and 12(b)(4). Having

23   reviewed the parties' submissions and heard oral argument, the

24   court now adopts the following order:

25

26        A defendant may move to dismiss a complaint for insufficient

27   service of process. Fed. R. Civ. P. (12(b)(5). Effective service of

28   process requires service of both a Complaint and a Summons. Fed. R.

1  Civ. P. (4)(c)(1)("A summons must be served with the complaint.").

2  *See also* Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484

3  U.S. 97, 104 (1987) ("[S]ervice of summons is the procedure by

4  which a court having venue and jurisdiction of the subject matter

5  of the suit asserts jurisdiction over the person of the party

6  served.") (quoting Mississippi Publishing Corp. v. Murphree, 326

7  U.S. 438, 444–445 (1946)).

8      Plaintiffs concede that on June 27, 2013 they served Defendant

9  NML (purportedly via substitute service on an executive of NML's

10 subsidiary, Defendant Nissan North America) with a copy of their

11 First Amended Complaint, but inadvertently failed to serve a

12 Summons, instead providing only a copy of the FAC. (Opp at 2:21-

13 22.) Because service of process was not effected in accordance with

14 the law, the court may not exercise jurisdiction over NML.

15 Plaintiffs' claim against NML is therefore dismissed without

16 prejudice.

17     The court is aware that Plaintiffs have since attempted to

18 cure the defective service of process, but that NML has moved to

19 dismiss this second attempt under Rule 12(b)(5) and that a hearing

20 is set as to this motion for November 18, 2013.

21

22 IT IS SO ORDERED.

23

24

25 Dated: October 10, 2013

26                                         DEAN D. PREGERSON
                                           United States District Judge
27

28

2